**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CINDY A. JOHNSON,**

**Plaintiff,**

**-vs-**                                                              **Case No.  6:04-cv-1157-Orl-28DAB**

**COMMISSIONER OF SOCIAL**
**SECURITY,**

**Defendant.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration with oral argument on Plaintiff's social security appeal.

Plaintiff brings this action pursuant to the Social Security Act (the Act), as amended, Title 42 United

States Code Section 405(g), to obtain judicial review of a final decision of the Commissioner of the

Social Security Administration (the Commissioner) denying her claim for Disability Insurance

Benefits (DIB) and Supplemental Security Income (SSI) benefits under the Act.  The record has been

reviewed, including a transcript of the proceedings before the Administrative Law Judge (ALJ), the

exhibits filed and the administrative record, and the pleadings and memoranda submitted by the

parties in this case.  Oral argument was held on April 6, 2005.

The issue in this case is whether the evidence establishes Plaintiff was disabled prior to the

date of last insured, December 21, 2001. R. 20.  The Administrative Law Judge found that, although

Plaintiff suffered from a number of impairments, she was not disabled.  For the reasons that follow,

it is respectfully **RECOMMENDED** that the decision of the Commissioner be **REVERSED and REMANDED**.

## *I. BACKGROUND*

### A.        Procedural History

Plaintiff filed for a period of disability and DIB benefits on August 10, 2000. R. 49-51. She alleged an onset of disability on December 31, 1997, due to fibromyalgia, myofascial pain syndrome, disc problems in the cervical and lumbar spine, and depression. R. 95. Her application was denied initially and upon reconsideration. R. 43-47. Plaintiff requested a hearing, which was held on September 23, 2002, before Administrative Law Judge Philemina M. Jones (hereinafter referred to as "ALJ"). R. 27. In a decision dated October 23, 2002, the ALJ found Plaintiff not disabled as defined under the Act through the date of her decision. R. 19-26. Plaintiff timely filed a Request for Review of the ALJ's decision. R. 14-15. The Appeals Council denied Plaintiff's request on June 18, 2004. R. 7-10. Plaintiff filed this action for judicial review on July 28, 2004. Doc. No. 1.

### B.        Medical History and Findings Summary

Plaintiff's medical history is set forth in detail in the ALJ's decision. By way of summary, Plaintiff complained of disability due to fibromyalgia, myofascial pain syndrome, disc problems in the cervical and lumbar spine, depression, and chronic diarrhea. R. 95, 456. After reviewing Plaintiff's medical records and Plaintiff's testimony, the ALJ found that prior to the expiration of the date last insured, Plaintiff suffered from fibromyalgia, degenerative disc disease of the cervical and lumbar spine, a myofascial pain syndrome, hypothyroidism, status post total colectomy with ileoproctostomy, and affective and personality disorders, which were "severe" medically determinable impairments, but not severe enough to meet or medically equal one of the impairments listed in

-2-

Appendix 1, Subpart P, Regulations No. 4. R. 22. The ALJ determined that Plaintiff retained the

residual functional capacity (RFC) to frequently lift/carry up to ten pounds, occasionally lift/carry up

to twenty pounds, and sit or walk/stand six hours in an eight-hour workday. R. 23. In making this

determination, the ALJ found that Plaintiff's testimony regarding her limitations was somewhat

embellished based on inconsistencies between the limitations, medical evidence in the record, and

Plaintiff's stated activities of daily living. R. 23. Based upon Plaintiff's RFC, the ALJ also found,

with the assistance of the Vocational Expert ("VE") that Plaintiff could perform her past relevant

work as a medical records administrator, bartender, and retail shoe salesperson. R. 24. Accordingly,

the ALJ determined that Plaintiff was not under a disability, as defined in the Act, at any time through

the date of the decision. R. 25.

Plaintiff asserts several points of error. First, she claims the Appeals Council improperly

rejected the new evidence that she provided. Second, she argues that the ALJ erred by failing to

consider all of Plaintiff's symptoms. Third, she contends that the ALJ erred in evaluating her

credibility, improperly applying the pain standard and by rejecting the statements of her treating

doctors. For the reasons that follow, it is respectfully **RECOMMENDED** that the decision of the

Commissioner be **REVERSED and REMANDED**.

## II. STANDARD OF REVIEW

The scope of this Court's review is limited to determining whether the ALJ applied the correct

legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings

are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Foote v.

Chater*, 67 F.3d 1553, 1558 (11th Cir. 1995). The Commissioner's findings of fact are conclusive if

supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla

– *i.e.,* the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995)); *Richardson*, 402 U.S. at 401.

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005); *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

The ALJ must follow five steps in evaluating a claim of disability. *See* 20 C.F.R. §§ 404.1520, 416.920. First, if a claimant is working at a substantial gainful activity, she is not disabled. 29 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments which significantly limit her physical or mental ability to do basic work activities, then she does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, she is disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent her from doing past relevant work, she is not disabled. 20 C.F.R. § 404.1520(e). Fifth, if a claimant's impairments (considering her residual functional capacity, age, education, and past work) prevent her

from doing other work that exists in the national economy, then she is disabled.  20 C.F.R. § 404.1520(f).

The relevant question before this Court is whether Plaintiff was "entitled to benefits during a specific period of time, which was on or before the expiration date of her insured status."  *See Wilson v. Apfel*, 179 F.3d 1276, 1279 (11th Cir. 1999).  The parties do not dispute that Plaintiff's date last insured is December 31, 2001.  R. 443; Doc. No. 9 at 9.

### III. ISSUES FOR REVIEW

**A.  New Material Evidence**

Plaintiff contends that the Appeals Council erred in failing to remand Ms. Johnson's case to the ALJ on the basis of new and material evidence and in not providing any meaningful explanation of the reason for denying her appeal.  The Commissioner responds that the additional evidence submitted to the AC is not material because it was untimely and irrelevant; thus, it would not have changed the ALJ's decision.  The additional evidence Plaintiff submitted to the Appeals Council was Dr. Maclay's July 8, 2003 opinion that Plaintiff had been disabled *six years* earlier, since December 1997.  R. 440.  The AC considered the additional evidence but declined Plaintiff's request for review.  R. 7-9.

The Eleventh Circuit has set forth criteria for deciding whether remand is warranted for consideration of additional evidence at the administrative level:  "To succeed on a claim that remand is appropriate [the claimant] would [have] to show that (1) new, non-cumulative evidence exists, (2) the evidence is material such that a reasonable possibility exists that the new evidence would change the administrative result, and (3) good cause exists for the applicant's failure to submit the evidence

at the appropriate administrative level." *Falge v. Apfel*, 150 F.3d 1320, 1323 (11th Cir. 1998)[1]. If an

applicant shows good cause for her failure to introduce evidence during a hearing before the ALJ,

courts may consider that evidence in deciding whether the case should be remanded for further

administrative proceedings to include the new evidence. *Id.* at 1324.

The Commissioner contends that although the evidence was new, it was not material to the

time period in question and the new evidence would not have changed the ALJ's decision. The Court

agrees. Dr. Maclay did not first examine Plaintiff until November 2001, which was four years after

the date she opined that Plaintiff had become disabled (December 1997). R. 386, 440. The evidence

may not even qualify as "new" in the sense that Dr. Maclay's records and opinions of Plaintiff's

condition from her visits from November 19, 2001 through September 18, 2002 were part of the

record before the ALJ. R. 385-89, 400-01, 403-11, 423, and 427. As the Commissioner points out,

Dr. Maclay had previously written two letters in 2002 that did not address Plaintiff's condition

reaching back to December 1997. R. 400, 427. Dr. Maclay's September 2002 letter states, "*At this*

*time*, [Plaintiff] should be considered completely and totally disabled," which on its face indicates her

opinion is of 2002, not 1997. R. 427. As discussed in greater detail below, Dr. Maclay's records of

Plaintiff's impairments in November 2001 *is* material; however, this evidence is not new and was a

part of the record before the ALJ and cannot be the sole basis for a remand. Moreover, although

---

[1]The applicable statute allows that the court:
[M]ay at any time order additional evidence to be taken before the Commissioner of Social Security, but
only upon a showing that there is new evidence which is material and that there is good cause for the
failure to incorporate such evidence into the record in a prior proceeding; and the Commissioner of
Social Security shall, after the case is remanded, and after hearing such additional evidence if so ordered,
modify or affirm the Commissioner's findings of fact or the Commissioner's decision, or both, and shall
file with the court any such additional and modified findings of fact and decision, and a transcript of the
additional record and testimony upon which the Commissioner's action in modifying or affirming was
based.
42 USCA § 405(g), sentence six.

Plaintiff complains of the AC's failure to give a detailed explanation of its denial of review, the AC

is not required to give a lengthy explanation of its reasons.  R. 7-9.  The ALJ's decision will not be

remanded on the basis of new evidence.

**B. Rejection of Subjective Symptoms and Credibility**

Plaintiff contends that the ALJ erred in failing to credit her testimony regarding her symptoms

because she met her burden to submit objective evidence showing that she has a medical impairment.

Plaintiff contends that the ALJ erred by failing to consider Plaintiff's diarrhea and her need

frequently, and unexpectedly, to go to the bathroom.  The Commissioner contends that Plaintiff did

not present any medical evidence as to how her chronic diarrhea or colectomy prevented her from

performing work-related activities.  The Commissioner argues that there is not enough evidence to

show that Plaintiff's diarrhea was a disabling impairment, and her testimony alone is insufficient to

establish that this impairment was disabling because Plaintiff did not consistently complain of

problems related to her colectomy or chronic diarrhea to her physicians.  The Commissioner also

contends that the record shows only two references to chronic diarrhea prior to the expiration of

Plaintiff's disability insured status on December 31, 2001.  R. 383, 427.  The Commissioner contends

that the ALJ correctly noted that the medical evidence and other evidence of record did not show that

Plaintiff's impairments were of such severity as to preclude her from all work activity.  R. 23.

The ALJ must consider all of a claimant's statements about his symptoms, including pain, and

determine the extent to which the symptoms can reasonably be accepted as consistent with the

objective medical evidence.  20 C.F.R. § 404.1528.  In determining whether the medical signs and

laboratory findings show medical impairments which reasonably could be expected to produce the

symptom alleged, the ALJ must apply the Eleventh Circuit's three-part "pain standard":

> The pain standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.

*Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting *Holt v. Sullivan*, 921 F.2d 1221 (11th Cir. 1991)).   Pain alone can be disabling, even when its existence is unsupported by objective evidence, *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992), although an individual's statement as to pain is not, by itself, conclusive of disability.   42 U.S.C. § 423 (d)(5)(A).   Chronic diarrhea is also a nonexertional impairment. *See Rambo v. Heckler*, 728 F.2d 1583 (11th Cir. 1984) (chronic diarrhea secondary to short bowel syndrome is nonexertional impairment); *Haynes v. Heckler*, 716 F.2d 483, 485 (8th Cir. 1983) (colon discomfort and recurrent episodes of diarrhea are nonexertional impairments); *Bulpett v. Heckler,* 617 F.Supp. 850, 857 (D. Mass. 1985) (loss of control over bowel movements and chronic diarrhea resulting from Crohn's disease are nonexertional impairments).

Where an ALJ decides not to credit a claimant's testimony about pain or other nonexertional symptoms, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding. *Jones v. Department of Health and Human Services*, 941 F.2d 1529, 1532 (11th Cir. 1991) (articulated reasons must be based on substantial evidence).   A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record.   As a matter of law, the failure to articulate the reasons for discrediting subjective pain testimony requires that the testimony be accepted as true. *Foote*, 67 F.3d at 1561-62; *Cannon v. Bowen*, 858 F.2d 1541, 1545 (11th Cir. 1988).

The Commissioner contends that although the objective medical evidence showed Plaintiff was diagnosed with a variety of conditions, and that her symptoms may have cause some of the

limitations and pain alleged, the objective medical evidence did not confirm the severity of her alleged

pain, and the record as a whole did not indicate that her condition was as disabling as she alleged.

The Commissioner argues medical records dated prior to the expiration of Plaintiff's insured status

do not support the severity of Plaintiff's subjective allegations, nor do they indicate that her condition

was as limiting as she claims.  The Commissioner also points to a vocational evaluation performed

by Esko Counseling which concluded that light duty employment would be possible as of April 26,

1999.  R. 118.

The Court finds that, contrary to the Commissioner's description of the medical records, there

are many references to Plaintiff's consistent, intensifying complaints of chronic gastrointestinal

problems including diarrhea, either as a side effect of medication or as a distinct rectal-colon problem.

Although the ALJ did acknowledge Plaintiff's chronic diarrhea (R. 21), the ALJ failed to include it

as a limitation.  This was error.  R. 25.   It was also error for the ALJ to fail to articulate reasons for

discrediting Plaintiff's testimony regarding her chronic diarrhea.  R. 23.

In September 1999, Plaintiff was experiencing constipation, but once she was treated for

hypothyroid, it appeared to resolve at least temporarily.  R. 241-43, 248.  Unfortunately, on November

22, 1999, Plaintiff reported that anti-inflammatories had given her significant GI disturbance, that she

was again experiencing chronic constipation, abdominal pain, intestinal gas and bloating.  R. 175,

176.  On April 6, 2000, Plaintiff reported she was "having troubles with her doctors moving her

thyroid dose around which either leaves her extremely fatigued and constipated or hyper."  R. 172.

On July 31, 2000[2], Plaintiff reported:

---

[2]Earlier medical records, from October 14, 1998, report that Plaintiff denied any bladder or bowel incontinence.
R. 156.

> I can't seem to clear the toxins and waste from my tissues.  I have severe constipation
> due to my medications and have to take large doses of herbs and/or laxatives to have
> a daily bowel movement which more often than not results in diarrhea which prevents
> me from going out of my house for long periods of time.

R. 101.  On September 7, 2000, Dr. Ruskin, Plaintiff's treating colon-rectal specialist summarized

Plaintiff's constipation problems as follows:

> [Plaintiff] is a 38-year-old female who states that she has had nausea, vomiting,
> constipation, and dyspepsia for six months.  She states that she is vomiting every day
> a green/brown fluid or food.  She is always nauseous.  She states that she cannot have
> a bowel movement unless she takes Dulcolax once a day.  She is on pain medications
> for fibromyalgia and the bowel movement only comes out liquid.  She has abdominal
> pain with epigastric burning and tenderness. . . . Her past medical history is positive
> for irritable bowel syndrome, fibromyalgia, and peptic ulcer disease. . . . Her family
> history is positive for a father with polyps and a grandmother with colostomy for
> cancer. . . . The patient will also undergo a colonoscopy regarding constipation and
> blood in her stools.

R. 307.  According to Dr. Ruskin's records, from September to December 2000, Plaintiff continued

experiencing constipation, nausea and vomiting.  R. 303.  In December 2000, Plaintiff complained

of constipation, but tests showed no evidence of bowel obstruction and a normal bowel gas pattern.

R. 250.

On February 2, 2001, Dr. Ruskin diagnosed colonic inertia and performed surgery consisting

of a total colectomy with ileoproctostomy.  R. 273, 276, 278, 298.  In March 2001, Plaintiff told Dr.

Certo, her pain medicine treating physician, that since her colectomy she felt much better.  R. 350.

However, she was back to Dr. Ruskin's office on April 6, 2001 complaining of stomach problems and

Plaintiff was given a prescription to resolve bloating and distention.  R. 297, 300.  On October 3,

2001, Vinal Gohail, M.D., diagnosed Plaintiff with hypokalemia "as a result of her continuous chronic

diarrhea, which she now has as a result of a total colectomy." R. 383.

As of November 19, 2001, Dr. Maclay described how Plaintiff was placed on OxyContin in February 2001 and with her large intestine problem, developed constipation. R. 386. "She ha[d] always been constipated, but finally the entire colon was resected and she has small bowel anastomoses to the rectum. This problem with constipation has been present since she was a child. Now she has frequent bowel movements. . . . She has a lot of diarrhea now." R. 386, 388. In January 2002, shortly after the date last insured, Plaintiff reported having loose stools. R. 405. Although it is after her date of last insured, in September 2002, Dr. Maclay's diagnosis of Plaintiff with hypokalemia, short colon syndrome, and status post colonic resection, and severe chronic diarrhea is consistent with and supports the earlier diagnoses of Plaintiff's condition. R. 427.

The ALJ's failure to credit Plaintiff's testimony regarding her chronic diarrhea was error. Plaintiff testified at the hearing:

> I have this constant, constant going to the restroom. I have to eat small meals all day because of the surgery. And it comes out quickly and it's – you know, it's pretty much liquid. And then that causes me – I have problems with the hypocholemia [phonetic] which I take potassium for. But it just kind of – it's hard to keep it up because it just kind of runs right back out, which causes weakness. And I just kind of live in my bedroom, bathroom, area.

R. 456-57.

The Commissioner contends that, although Dr. Gobail diagnosed Plaintiff with hypokalemia due to her chronic diarrhea, Dr. Gobail did not indicate that Plaintiff's diarrhea interfered with her ability to work. R. 383 (October 3, 2001). The Commissioner points to Dr. Gobail's report that Plaintiff reported feeling better after replenishing her potassium levels. R. 383. The Commissioner's argument is misguided in that Dr. Gobail was treating Plaintiff for chest pains and hypokalemia, thus he reported those conditions improved with the potassium treatment. R. 383. However, Dr. Gobail

was not treating Plaintiff for diarrhea or colon-rectal problems and, in fact, implies that he believes

the condition will continue because he prescribed potassium and further lab work to test her levels.

R. 383.

Although the ALJ acknowledged in the decision Plaintiff's testimony regarding frequent use

of the bathroom and removal of her large intestine (R. 21), the ALJ failed to include Plaintiff's

limitations from chronic diarrhea as a nonexertional limitation.  R. 25.  Diarrhea is a nonexertional

impairment.  *See Haynes v. Heckler,* 716 F.2d 483, 485 (8th Cir. 1983) (colon discomfort and

recurrent episodes of diarrhea are nonexertional impairments); *Bulpett v. Heckler,* 617 F.Supp. 850,

857 (D. Mass. 1985) (loss of control over bowel movements and chronic diarrhea resulting from

Crohn's disease are nonexertional impairments).  The ALJ failed to develop or explore the severity

of this impairment, and this was error. *Woods v. Barnhart,* 2004 WL 769380, *13 (N.D. Ill. 2004)

(Plaintiff's testimony regarding the severity and worsening of daily bowel movements was not

explored by the ALJ, although it was pertinent; thus, perceived inconsistencies with the medical

records were not a proper basis for discounting Plaintiff's credibility).

Both the ALJ and the Commissioner focus on Plaintiff's ability to home school her older child

until eighth grade and care for her four year old child, as an indication that her testimony regarding

her symptoms was embellished and she was capable of performing light work.  R. 23-24; Doc. No.

12 at 15.  However, the fact that Plaintiff was able to home-school her older child and care for her

preschooler does not undermine her allegation of chronic diarrhea.  As Plaintiff testified, she "just

kind of live[s] in" her bedroom and bathroom area (R. 456-57), but that she was able to manage the

home schooling for a few years for her daughter because she "didn't have to do very much . . . she

was able to complete her assignments just – they were very self-explanatory . . . and if she needed

explanation, then I had a teacher's guide . . . except for math, she did everything just by reading the instructions without any problems." R. 468. From a documentation standpoint, Plaintiff had to fill out a form once a month to document the assignments, which took about 15 minutes. R. 469. The older child assisted. R. 448. The Commissioner also points to Plaintiff's single statement to the orthopaedic surgeon to the effect that she had no serious health problems "other than a right hemi-colectomy." R. 390. If these notes are to be taken at face value (which is debatable given the other medical records in the file), then even so, at a minimum, Plaintiff's colectomy problems were significant enough for the doctor to mention them as "serious."

The ALJ's failure to articulate the reasons for discrediting Plaintiff's subjective testimony regarding chronic diarrhea requires that the testimony be accepted as true. *Foote*, 67 F.3d at 1561-62; *Cannon v. Bowen*, 858 F.2d 1541, 1545 (11th Cir. 1988). "The credibility determination does not need to cite particular phrases or formulations but it cannot merely be a broad rejection which is not enough to enable the court to conclude that the ALJ considered her medical condition as a whole." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (internal quotations omitted). It was error for the ALJ to ignore or treat as discredited Plaintiff's testimony regarding her chronic diarrhea.

The ALJ's most significant failure was the exclusion of Plaintiff's chronic diarrhea in the hypothetical to the VE. R. 471-78. This failure was clear error. "It is bedrock Social Security law that the responses of a vocational expert are relevant only to the extent offered in response to hypotheticals that correspond to medical evidence of record." *Hall-Grover v. Barnhart,* 2004 WL 1529283, *3 (D. Me. 2004) (citing *Arocho v. Secretary of Health & Human Servs.,* 670 F.2d 374, 375 (1st Cir.1982)). The ALJ must employ hypothetical questions which are accurate and supportable on the record and which include all limitations or restrictions of the particular claimant. *Pendley v.*

-13-

*Heckler*, 767 F.2d 1561 (11th Cir. 1985).  Where the hypothetical employed with the vocational expert does not fully assume all of a claimant's limitations, the decision of the ALJ, based significantly on the expert testimony, is unsupported by substantial evidence.  *Id.* at 1561 (quoting *Brenam v. Harris*, 621 F.2d 688, 690 (5th Cir. 1980)).

The same issue of unlimited access to a bathroom and break time was raised in *Hall-Grover v. Barnhart*, 2004 WL 1529283 (D. Me. 2004).  The Court posed the issue:

> The vocational expert never answered the critical question as clarified: Could a person who could not wait until a scheduled break to use bathroom facilities do the security-monitor and charge-account clerk jobs? Moreover, the administrative law judge never made an affirmative, alternative finding as to how much time the plaintiff would need to be away from her work station for bathroom breaks. Without these clarifications, Steinberg's hearing testimony does not meet the burden of proving that a person who must have access to bathroom facilities throughout the workday as a result of problems with diarrhea can perform the jobs of security monitor and charge-account clerk.

*Id.* at *3.  In the case of *Bulpett v. Heckler,* 617 F.Supp. 850 (D.C. Mass. 1985), where a plaintiff testified that she has little control over her bowel movements and has chronic diarrhea (due to her Crohn's disease and the surgical removal of part of her terminal ileum), the court held that "even if such problems did not relate directly to her ability to lift, bend, or stand, they clearly have an impact on her ability to perform certain work.  This is substantiated by the vocational expert who testified at the hearing that if [the plaintiff] had to frequently use the bathroom, 'it would interfere with her performance.'" *Id.* at 857.  Thus, because the hypothetical posed to the VE in this case did not include Plaintiff's limitations from chronic diarrhea, and the ALJ's decision is based significantly on the expert testimony, it is unsupported by substantial evidence.  Remand is necessary in order for the ALJ to pose a complete hypothetical question to the VE.

-14-

## *CONCLUSION*

For the foregoing reasons, the decision of the Commissioner is inconsistent with the requirements of law and is not supported by substantial evidence.  Accordingly, it is respectfully **RECOMMENDED** that the Commissioner's decision be **REVERSED AND REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) and the Clerk of Court be directed to enter judgment consistent with this opinion and thereafter, to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on July 5, 2005.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy