# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**CINDY A. JOHNSON,**

        **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　**Case No. 6:04-cv-1157-Orl-28DAB**

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:   PLAINTIFF'S UNCONTESTED PETITION FOR ATTORNEY'S FEES (Doc. No. 19)**
>
> **FILED:      July 28, 2005**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

This application follows the issuance of an Order and Judgment reversing the decision of the Commissioner of Social Security with respect to Plaintiff's claim for benefits, and remanding the case pursuant to sentence four of 42 U.S.C. § 405(g) (Doc. Nos. 17 and 18).

Pursuant to the Equal Access to Justice Act, a party can recover an award of attorney's fees against the government provided that the party seeking the award is the prevailing party; the application for such fees, including an itemized justification for the amount sought, is timely filed;

the position of the government is not substantially justified; and no special circumstances are present which would make an award unjust.  28 U.S.C. § 2412(d)(1)(A).

The unopposed motion seeks an award of attorney's fees in the amount of $3,882.24, calculated at the rate of $151.56 per hour ($125.00 adjusted for cost of living increase of 21.32%[1] (Consumer Price Index)) for 25.6 hours of work expended in 2004 and 2005.  *See Meyer v. Sullivan,* 958 F.2d 1029, 1034 (11th Cir. 1992) (court must consider cost of living increases when awarding attorney fees under Equal Access to Justice Act); *Johnson v. Sullivan*, 919 F.2d 503, 504 (8th Cir.1990) (CPI is appropriate proof of cost of living increase and justifies higher award than statutory rate).

Upon review of the supporting papers filed by Plaintiff and there being no objection by the Defendant (*see* Doc. No. 19 at 2), the Court finds that these sums are reasonable and an award is appropriate under the EAJA.  It is therefore **RECOMMENDED** that the motion be **GRANTED** and judgment be entered in the amount of **$3,882.24** for attorney's fees.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on August 1, 2005.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court takes judicial notice that the CPI for 2004 was 188.9, an increase of 21.32% over the March 1996 CPI of 155.7.

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy