# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

CINDY A. JOHNSON,

                            Plaintiff,

-vs-                                                    Case No.  6:04-cv-1157-Orl-28DAB

COMMISSIONER OF SOCIAL
SECURITY,

                            Defendant.
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

        This cause came on for consideration without oral argument on the following motion filed

herein:

| | |
|---|---|
| **MOTION:** | **PETITION FOR AUTHORIZATION TO CHARGE A REASONABLE FEE PURSUANT TO 42 U.S.C. § 406(b) (Doc. No. 24)** |
| **FILED:** | **October 10, 2007** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

        Plaintiff's Motion for authorization to charge a reasonable fee follows the issuance of an Order

and Judgment reversing the decision of the Commissioner of Social Security with respect to Plaintiff's

claim for benefits, and remanding the case pursuant to sentence four of 42 U.S.C. § 405(g) (Doc. Nos.

22 and 23). On September 26, 2007, the Social Security Administration issued the Notice of Award

showing the calculation of past due benefits totaling $78,655.50, of which $19,438.25 was withheld

by the Administration toward payment of counsel's approved attorney's fees. Doc. No. 24-3. The Court has previously awarded $3,882.24 in attorney's fees to Plaintiff under the Equal Access to Justice Act (Doc. No. 23) which also must be credited against the current fee request. Plaintiff's Motion for Fees (Doc. No. 24) seeks an award of attorney's fees in the net amount of **$15,556.01**, which is calculated by subtracting the $3,882.24 in EAJA fees previously awarded from the 25% of past due benefits, or $19,438.25, awarded by the Social Security Administration.

To evaluate an attorney's § 406(b) petition, the Court must determine whether the fee requested is reasonable. *Gisbrecht v. Barnhart*, 535 U.S. 739, 122 S.Ct. 1817 (2002). The "best indicator of the 'reasonableness' of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client, not an hourly rate determined under lodestar calculations." *Wells v. Sullivan,* 907 F.2d 367, 371 (2d Cir. 1990). However, "[a] fee pursuant to a contingency contract is not *per se* reasonable." *McGuire v. Sullivan,* 873 F.2d 974, 979 (7th Cir. 1989). The contingency fee negotiated by the claimant and his counsel is not reasonable if the agreement calls for fees greater than the twenty-five percent (25%) statutory limit, the agreement involved fraud or "overreaching" in its making, the resolution of the case was unreasonably delayed by the acts of the claimant's attorney, or would provide a fee "so large as to be windfall to the attorney." *Wells,* 907 F.2d at 372; *McGuire,* 873 F.2d at 981; *Rodriquez v. Bowen,* 865 F.2d 739, 746 (6th Cir. 1989). A contingency fee is more likely to be reasonable the greater the risk that the claimant would not prevail. *McGuire,* 873 F.2d at 985 ("A finding of riskiness is an essential one in granting a full twenty-five percent contingent award in a social security case."). Finally, "because section 406(b) requires an affirmative judicial finding that the fee allowed is 'reasonable,' the attorney

bears the burden of persuasion that the statutory requirement has been satisfied." *Gisbrecht,* 122 S.Ct. at 1828 n.17.

Although the Commissioner is unopposed to the amount of Plaintiff's counsel petition for fees under § 406(b), he notes that the Eleventh Circuit, on July 6, 2006, decided the case of *Bergen v. Commissioner*, in which the Court held that the motion for attorneys' fees in social security appeals must be filed no later than 14 days after entry of judgment. 454 F.3d 1273 (11th Cir. 2006). One issue in the case was the conflict between counsel's statutory right to file a petition for attorney fees under 42 U.S.C. § 406(b), and the time limits set forth in the federal and local rules.

The statute allows for a court to award a reasonable attorney's fee not in excess of 25% of the past due benefits found to be due a social security claimant, "as part of its judgment." According to Federal Rule of Civil Procedure 54 (d)(2)(B) and Local Rule 4.18(a), all claims for attorney's fees preserved by appropriate pleadings shall be asserted by separate motion filed not later than 14 days following the entry of judgment. The difficulty, of course, is that a judgment remanding the case for additional proceedings rarely (if ever) results in agency action immediate enough to give rise to a claim for attorney's fees in a timely manner. Put simply, at the time of a judgment of remand, counsel has no way of knowing whether his client's claim will be ultimately successful (thus, giving rise to counsel's own claim for attorney's fees) or not. The Eleventh Circuit left open the issue of when the fourteen day period for filing the fee petition begins to run. *Id*. While the Court recognizes that counsel is not in a position at the time of judgment of remand to seek fees for past-due benefits that have yet to be awarded, it is still imperative from a jurisdictional standpoint that the issue be timely preserved for consideration at a later date.

The Eleventh Circuit suggested in a footnote:

> With respect to future social security actions, in accordance with the § 406(b) statutory language and the Federal Rules of Civil Procedure, this Court believes that the best practice, in entry of a judgment for immediate entry of benefits, would be for Plaintiff to request and the Court to include in the judgment a statement that attorneys fees may be applied for within a specified time after the determination of Plaintiff's past due benefits by the Commission[er].

*Bergen*, 454 F.3d at 1278 n.2.

In this particular case, the judgment reversing and remanding was entered on July 21, 2005, well before the *Bergen* decision in July 6, 2006 and the Eleventh Circuit's suggestion of the best procedure. This Court has granted motions seeking to reserve the Court's jurisdiction to consider a future petition for fees under 42 U.S.C.§ 406(b) as long as it is filed no later than 30 days after any action giving rise to entitlement to fees. The calculation of past-due benefits and the appropriate attorney's fee can take several months to finally determine; therefore, the Court has ordered that the 30 days do not begin to run until the date a final determination is reached. Because Plaintiff's case was decided before the new procedure was suggested by the Eleventh Circuit, and there being no opposition to the timeliness of the Petition by the Commissioner, the Court will treat the Petition as timely made as of October 10, 2007 since it was filed within thirty days after the determination of past due benefits by the SSA.

Upon review of the supporting papers filed by Plaintiff's counsel and there being no opposition by the Commissioner, the Court finds that the sum sought is reasonable and an award is appropriate under § 406(b). Counsel states that he spent 26.6 hours representing Plaintiff in this Court (Doc. No. 24-3 at 8). Counsel has practiced law since 1975 and his practice is limited to representing disabled people. This case was fairly involved in that Plaintiff suffered from a combination of impairments dating back to 1997, including the non-exertional impairment of chronic diarrhea. Doc.

No. 16. Through counsel's efforts, Plaintiff won a reversal and remand for further proceedings based on sentence four of 42 U.S.C. §405(g).  Plaintiff received an award of $78,655.50, in past-due benefits, continuing benefits of $903.00 per month, and eligibility of medical coverage under Medicare.  Doc. No. 24-3.  The Court finds that the sum sought is reasonable and an award is appropriate under § 406(b).  It is therefore **RECOMMENDED** that the motion be **GRANTED** and the judgment be amended to award fees pursuant to 42 U.S.C. § 406(b)  in the amount of **$15,556.01** for attorney's fees ($19,438.25 minus the amount Mr. Culbertson already received of $3,882.24). When fees are awarded under both the EAJA and 42 U.S.C. § 406(b), the attorney should refund the smaller of the two awards to the claimant.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on December 5, 2007.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy